1
2
3
4
5
6  IN THE UNITED STATES DISTRICT COURT
7
8  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9  JONATHAN NELSON, individually and on
behalf of all others similarly situated,
10
    No. C 06-05954 JSW
       Plaintiff,
11
  v.
12
      **NOTICE OF TENTATIVE**
PITNEY BOWES, INC. and PITNEY BOWES    **RULING AND QUESTIONS**
13  GOVERNMENT SOLUTIONS, INC.,
14        Defendants.
                                   /
15
16
17       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE
18 NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE
19 HEARING SCHEDULED ON MARCH 14, 2008 AT 9:00 A.M.:
20       The Court has reviewed the parties' papers and, thus, does not wish to hear the parties
21 reargue matters addressed in those pleadings. If the parties intend to rely on authorities not
22 cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these
23 authorities reasonably in advance of the hearing and to make copies available at the hearing. If
24 the parties submit such additional authorities, they are ORDERED to submit the citations to the
25 authorities only, with reference to pin cites and without argument or additional briefing. *Cf.*
26 N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to
27 explain their reliance on such authority.
28

The Court **tentatively DENIES** parties' joint motion for preliminary approval of the class settlement. The parties shall each have 15 minutes to address the following questions:

(1) When, as here, the parties enter into a settlement agreement before the Court has certified the class, the court "must pay undiluted, even heightened, attention to class certification requirements...." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (internal quotes and citation omitted); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action settlement only, the moment of certification requires heightened attention."). The parties did not provide the Court with any argument or authority demonstrating that certification of the proposed class would be proper. In light of the heightened scrutiny the Court must give to the issue of certification, how can the Court approve certification for settlement purposes on this record?

(2) Pursuant to 28 U.S.C. § 1715, the parties are required to provide notice to the appropriate federal and state officials "[n]ot later than 10 days after a proposed settlement of a class action is filed in court." Have the parties provided the required notice? If so, when did they provide such notice?

(3) Whether to reward named representatives for their efforts is within the Court's discretion. *See, e.g., Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (citations omitted). Courts may consider the following criteria in determining whether to provide incentive awards: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Id.* (citations omitted).

    (a) The parties have not provided any evidence demonstrating the proposed incentive award is justified based on the factors listed above. Were the parties

        planning to provide additional information in support of this request? If so, by when?

   (b)   If the Court declined to provide incentive awards, approximately how much would the named representative receive under the proposed settlement?

   (c)   If the Court declined to award the incentive award, would this change void the settlement?

(4)   The parties have not proposed a date for a hearing on the final approval. When do the parties suggest having this hearing?

(5)   By when does Plaintiff intend to seek approval for the requested attorneys' fees?

(6)   Do the parties have anything further they wish to address?

Dated: March 13, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3