IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN NELSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PITNEY BOWES, INC. and PITNEY BOWES GOVERNMENT SOLUTIONS, INC.,

Defendants.

No. C 06-05954 JSW

**ORDER DENYING PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL WITHOUT PREJUDICE**

Now before the Court is the joint motion for preliminary approval of class action settlement. Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court DENIES the parties' motion without prejudice to the parties filing a renewed motion with additional authority and evidence in accordance with this Order. The Court finds the documents submitted by the parties to be inadequate for the following reasons:

(1) When, as here, the parties enter into a settlement agreement before the Court has certified the class, the court "must pay undiluted, even heightened, attention to class certification requirements...." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (internal quotes and citation omitted); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action settlement only, the moment of certification requires

heightened attention."). In their papers in support of the joint motion, the parties did not provide the Court with any argument or authority demonstrating that certification of the proposed class would be proper. In light of the heightened scrutiny the Court must give to the issue of certification, the Court finds the parties' papers insufficient to demonstrate that certification would be proper. At the hearing on the motion, Plaintiff's counsel asked the Court to take judicial notice of the parties' briefs in support of the motion for class certification. However, Defendants vigorously opposed class certification in those briefs. If the parties are now in agreement that this class should be certified for purposes of the settlement, they should jointly argue for certification in their briefs in support of preliminary approval of the settlement.

(2) Whether to reward the named representatives for their efforts is within the Court's discretion. *See, e.g., Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (citations omitted). Courts may consider the following criteria in determining whether to provide incentive awards: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Id.* (citations omitted). The parties failed to provide in their papers any evidence demonstrating the proposed incentive awards are justified based on these factors. The Court has reviewed the declaration of Jonathan Nelson ("Nelson") and finds that it fails to provide sufficient support for the requested award. Specifically, the Court notes that Nelson does not specify the amount of time and effort he spent on this case or what personal benefit he will obtain through the proposed settlement.

///

///

The parties shall have until April 25, 2008 to file a renewed motion for preliminary approval of class action settlement to address the Court's concerns.

**IT IS SO ORDERED.**

Dated: March 14, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE