1 | Edward J. Wynne, SBN 165819
J.E.B. Pickett, SBN 154294
2 | WYNNE LAW FIRM
100 Drake Landing Road
3 | Greenbrae, California 94904
Telephone: 415 461.6400
4 | Facsimile: 415 461.3900

5 | Attorneys for Plaintiff
JONATHAN NELSON

7 | R. Brian Dixon, SBN 76247
AnnaMary E. Gannon, SBN 92175
8 | LITTLER MENDELSON
A Professional Corporation
9 | 650 California Street, 20th Floor
San Francisco, California 94108.2693
10 | Telephone: 415 433.1940
Facsimile: 415 399.8490

Attorneys for Defendants
PITNEY BOWES INC. and
PITNEY BOWES GOVERNMENT SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PITNEY BOWES, INC., PITNEY BOWES GOVERNMENT SOLUTIONS, INC.<br><br>Defendants. | Case No. C 06 5954 JSW<br><br>**JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DATE: MAY 30, 2008<br>TIME: 9:00 A.M.<br>COURTROOM 2, 17TH FLOOR<br><br>Trial Date: None Set |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD FOR APPROVAL OF A SETTLEMENT PRIOR TO THE COURT'S CERTIFICATION OF THE CLASS. | 1 |
| II. | CERTIFICATION OF THE PROPOSED CALIFORNIA CLASS FOR PURPOSES OF SETTLEMENT IS APPROPRIATE. | 2 |
| | A. NATURE OF THE ACTION AND PROPOSED SETTLEMENT. | 2 |
| | B. THE STANDARD FOR CLASS CERTIFICATION UNDER RULE 23. | 2 |
| |     1. NUMEROSITY | 3 |
| |     2. COMMON QUESTIONS OF LAW AND FACT PREDOMINATE | 4 |
| |     3. THE CLAIMS OF THE REPRESENTATIVE PLAINTIFF ARE TYPICAL OF THE CLAIMS OF THE CLASS. | 4 |
| |     4. THE REPRESENTATIVE PLAINTIFF WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS. | 5 |
| III. | THE COURT SHOULD AWARD THE REQUESTED ENHANCEMENT. | 7 |
| IV. | CONCLUSION | 9 |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                           -i-

# TABLE OF AUTHORITIES

**CASES**

Amchem Products, Inc. v. Windsor
    521 U.S. 591 (1997) .................................................................................. 1, 5

Dirks v. Clayton Brokerage Co. of St. Louis Inc.
    10 F.R.D. 125 (D.Minn. 1985) .................................................................. 3

Dukes v. Wal-Mart, Inc.
    509 F.3d 1168 (9th Cir. 2007) .................................................................. 4, 5

Garcia v. Gloor
    618 F.2d 264 (5th Cir. 1980) .................................................................... 3

Hanlon v. Chrysler Corp.
    150 F. 3d 1011 (9th Cir. 1998) ................................................................. 1, 4, 5, 6

Koehl v. Verio
    142 Cal.App.4th 1313 (2006) .................................................................. 7

Kohl v. Association of Trial Lawyers of Am.
    183 F.R.D. 475 (D. Md. 1998) ................................................................. 3

League of Martin v. City of Milwaukee
    558 F.Supp. 1004 (E.D.Wis. 1984) .......................................................... 7

Lo Re v. Chase Manhattan Corp.
    19789 Dist. LEXIS 12210 (S.D.N.Y. May 23, 1979) ............................... 9

Molski v. Gleich
    318 F.3d 937 (9th Cir. 2003) .................................................................... 5

Ortiz v. Fibreboard Corp.
    527 U.S. 815 (1999) ................................................................................. 1

Paxton v. Union Nat'l Bank
    688 F.2d 552 (8th Cir. 1982) .................................................................... 3

Rhodes v. Cracker Barrel Old Country Store, Inc.
    213 F.R.D. 619 (N.D.Ga. 2003) ............................................................... 4

Robidoux v. Celani
    987 F.2d 931 (2nd Cir. 1993) ................................................................... 3

Tietz v. Bowen
    695 F.Supp. 441 (N.D. Cal. 1987) ........................................................... 3

Valentino v. Carter-Wallace, Inc.
    97 F.3d 1227 (9th Cir. 1996) .................................................................... 2

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                    -ii-

Van Vranken v. Atlantic Richfield Co.
    901 F.Supp 294 (N.D. Cal. 1995) .................................................................................... 7

**STATUTES**

Fair Labor Standards Act
    29 U.S.C. § 201 *et seq.* .................................................................................................. 2

McNamara-O'Hara Service Contract Act of 1965
    41 U.S.C. § 351 *et seq.* ................................................................................................. 2

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 23 ..................................................................................................................................... 2

Rule 23(a) ................................................................................................................................. 2

Rule 23(a)(1) ............................................................................................................................ 2

Rule 23(b) ............................................................................................................................. 2-3

Firmwide:84987884.1 015331.1151

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                    -iii-

## I. INTRODUCTION

By Order dated March 14, 2008, the Court denied the parties' motion for preliminary approval of class action settlement without prejudice and provided the parties with the opportunity to address the Court's concerns with the original motion for preliminary approval of class action.

The Court noted two deficiencies in the parties' original motion:

1. The parties did not adequately demonstrate that the class should be certified for settlement. Plaintiff had moved for class certification, which the Court noted defendants "vigorously opposed." In this memorandum, the parties address why certification of the California class is appropriate in order to effectuate the proposed settlement.

2. The parties did not quantify the amount of time and effort the proposed class representative spent on the case, or what personal benefit he will obtain through the proposed settlement. That information is provided in this response.

## II.   LEGAL STANDARD FOR APPROVAL OF A SETTLEMENT PRIOR TO THE COURT'S CERTIFICATION OF THE CLASS.

In its Order, the Court set forth the legal standard for approval of a settlement agreement when the parties have entered into the settlement before the Court has certified the class as one of heightened scrutiny. The court "must pay undiluted, even heightened, attention to class certification requirements ...." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (internal quotes and citation omitted); *see also Ortiz v. Fibreboard Corp*, 527 U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action settlement only, the moment of certification requires heightened attention.") The heightened scrutiny standard is mandated for all proposed settlement-only class certifications. *Hanlon, supra*, at 1024, citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Although the proposed settlement follows 15 months of discovery, discussion, and negotiation, because it was entered into before the Court had the opportunity to rule on the motion for certification, the heightened scrutiny standard must be applied.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                        -- 1 --

## III. CERTIFICATION OF THE PROPOSED CALIFORNIA CLASS FOR PURPOSES OF SETTLEMENT IS APPROPRIATE.

### A. NATURE OF THE ACTION AND PROPOSED SETTLEMENT.

This case involves employees who provide services pursuant to a federal contract governed by the McNamara-O'Hara Service Contract Act of 1965, 41 U.S.C. § 351 *et seq*. The SCA mandates minimum levels of compensation, to include both wages and benefits. In lieu of providing benefits at the mandated level, employers may satisfy all or part of the obligation by making a cash payment in lieu (variously referred to as an "adder," "health and welfare adder," or "HWA"). Plaintiff contends that the health and welfare adder must be included in the calculation of the regular rate for purposes of paying overtime premiums; under both the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the California Labor Code and applicable Industrial Welfare Commission wage orders. Defendants contend the SCA and its regulations specifically provide that the adder is not to be included in the regular rate and is not to be paid on overtime hours.

Under the terms of the proposed settlement, the federal claims will be dismissed, without prejudice, and without any release of claims. Certification is sought only on behalf of the proposed California Class, composed of all of defendants' California employees who, within the limitations period, received a cash payment in lieu of benefits mandated by the SCA and which cash payment was not included in the calculation of the regular rate of pay for purposes of computing overtime premium rates. Because the legal claims of the California Class arise under state law, the appropriateness of class certification is determined under Rule 23 standards.

### B. THE STANDARD FOR CLASS CERTIFICATION UNDER RULE 23.

Parties seeking certification must demonstrate all of the requirements of Rule 23(a): (1) the class must be so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative plaintiff are typical of the claims and defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). In addition, at least one of the three provisions of Rule 23(b) must be satisfied:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                           -- 2 --

(1) prosecution of separate actions would create a risk of inconsistent judgments; (2) defendant has acted or refused to act on grounds generally applicable to the class; or (3) questions of law or fact common to members of the class predominate and a class action is superior to other available methods for the fair and efficient adjudication of the case

### 1. NUMEROSITY

Numerosity requires that the size of the proposed class be so "numerous that joinder of all members is impracticable."[1] Determining whether joinder is impracticable depends not only on the number of putative class members, but also on such factors as the nature of the action, the size of the individual claims, class members' financial resources, ability of the members to institute individual suits, and the geographical location of the class members.[2] Thus, there is no specified minimum number of class members that will satisfy this prerequisite.

Here, there are 35 putative class members. Certification has been granted in cases with fewer than 30 putative class members.[3] The size of the individual claims is relatively small, varying from approximately $120.00 to $1,800.00. The members of the class are of modest means, with most earning $17.51 an hour, or approximately $36,420 a year, plus overtime. Their modest means plus the modest recovery each could expect would discourage individual suits. The only factor not supporting numerosity is that all of the current employees are within the Bay area. (The geographical location of former employees is not known, but given these employees' limited skills, education, and experience, when combined with the fact they all worked at the single Hayward facility, suggests it is unlikely they have migrated far from the East Bay.) Declaration of AnnaMary

---

[1] Fed.R.Civ. P. 23(a)(1).

[2] See, e.g., *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559-60 (8th Cir. 1982) (listing factors to consider); *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) (same); *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980) (considering geographic area); *Dirks v. Clayton Brokerage Co. of St. Louis Inc.*, 105 F.R.D. 125, 131 (D. Minn. 1985) (considering size of each individual's claim for damages).

[3] See, e.g., *Paxton*, 688 F.2d at 552, 559-60 (citing cases certifying classes of 16 and 17 members); *Tietz v. Bowen*, 695 F. Supp. 441 (N.D. Cal. 1987), aff'd, 892 F.2d 1046 (9th Cir. 1990) (ADEA class action certified for class of 27 retirees); *Kohl v. Association of Trial Lawyers of Am.*, 183 F.R.D. 475, 483-84 (D. Md. 1998) (certifying a class of approximately 25 individuals).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                           -- 3 --

E. Gannon in Support of Motion for Certification of Class for Settlement Purposes Only and Preliminary Approval of Class Settlement, ¶ 5 and 8.

### 2. COMMON QUESTIONS OF LAW AND FACT PREDOMINATE

It is undisputed that, prior to September 25, 2005, defendant Pitney Bowes Government Solutions, Inc. included the adder in the calculation of overtime wages and that, as of September 26, 2005, PBGS changed this practice. As of September 26, 2005, the adder was not included in the calculation of overtime rates and was never paid for more than 40 hours in a week. Both plaintiff and defendants produced in discovery a copy of the September 23, 2005 memorandum from Jon Love, the president of PBGS, announcing this change. PBGS's payroll records confirmed that the adder was only paid for 40 hours a week and was not included in the calculation of overtime rates. There is no factual dispute between the parties; resolution of plaintiff's claims is purely a question of law, common to all members of the proposed class. The predominant common question of law is whether exclusion of the adder from the regular rate for purposes of computing overtime pay is a violation of the California Labor Code and applicable Industrial Welfare Commission wage orders.

### 3. THE CLAIMS OF THE REPRESENTATIVE PLAINTIFF ARE TYPICAL OF THE CLAIMS OF THE CLASS.

A named plaintiff's claim is deemed typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory." *Rhodes v. Cracker Barrel Old Country Store, Inc.*, 213 F.R.D. 619, 680 (N.D.Ga. 2003). Under Rule 23's permissive standards, representative claims are "typical" if they are reasonably coextensive with those of absent class members; they need not be substantially identical. *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1184 (9th Cir. 2007); *Hanlon, supra*, 150 F.3d at 1020 (9th Cir. 1998). All claims arise from the same event or practice or course of conduct, namely, PBGS's decision in September 2005 to cease paying the adder for overtime hours or include it in the calculation of the regular rate of pay for overtime purposes. Plaintiff's claim is no stronger or weaker on the merits than is that of any other class member. The only

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                            -- 4 --

distinction between plaintiff's claim and those of the other class members is the number of overtime hours worked, which will need to be calculated for each class member.

### 4. THE REPRESENTATIVE PLAINTIFF WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS.

Rule 23's requirement that the representative fairly and adequately protect the interests of the class is satisfied if (1) the proposed representative plaintiff does not have a conflict of interest with the proposed class and (2) the representative plaintiff is represented by qualified and competent counsel. *Dukes*, 509 F.3d at 1185; *Hanlon*, 150 F.3d at 1020; *see also Molski v. Gleich*, 318 F.3d 937, 955 (9th Cir. 2003).

In their opposition to the motion for class certification, defendants did argue that plaintiff was not an adequate class representative because of issues surrounding his termination from PBGS. The concerns that defendants raised, however, do not rise to the level of a conflict of interest between the plaintiff and the absent class members because resolution of neither liability nor damages turns on plaintiff's credibility. Whether the adder should have been included in the calculation of the overtime rate is a question of law, without factual dispute, and, if decided adverse to the defendants, damages are based on the number of hours worked – a calculation that is fixed for each class member and easily ascertainable. There is no conflict between plaintiff's interests and those of the absent class members; the number of hours worked is a fact not in dispute.

Defendants have not challenged the adequacy of class counsel and believe the Court will find them to be qualified and competent.

The second element of the adequacy inquiry is directed to the vigor with which the named representative and his counsel will pursue the common claims. *Hanlon*, 150 F.3d at 1021. In the context of a settlement-only class, an assessment is made of the rationale for not pursuing further litigation. *Ibid.* District courts are advised to be skeptical of settlement agreements when they are presented without a "bargain proffered for ... approval without benefit of an adversarial investigation." *Ibid.*, quoting *Amchem*, 117 S.Ct. at 2248-2249. This is especially true when counsel receives a disproportionate distribution of the settlement, or when the class receives no

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW
-- 5 --

monetary reward but class counsel is amply rewarded. *Hanlon*, 150 F.3d at 1021. These concerns are not present here. Under the proposed settlement, class counsel will receive one-third of the total proposed settlement, plus a modest $1,000 in costs, leaving over 65 percent of the settlement funds for distribution to the class representative and class members.

Most importantly, this is not a case where the settlement is proffered for approval with the benefit of an adversarial investigation. In addition to ongoing discussion of the parties' respective views of the merits of the claims, defendants' opposition to the motion for class certification was premised on the argument that class certification was a futile act because plaintiff could not prevail on the merits of his claim. Defendants argued at length that the regulations promulgated by the Secretary of Labor under the SCA specifically provided that payment of the health and welfare adder was capped at 40 hours a week and was not to be included in the calculation of the regular rate of pay for overtime purposes. While plaintiff argued that the consideration of the merits was improper at the class certification stage, the fact remains that plaintiff was presented with a thorough analysis of the strength of the case. Defendants, too, benefited from plaintiff's argument that inclusion of the adder was mandated by the FLSA and the regulations of the Secretary of Labor promulgated under that act. While the parties did not agree on the eventual outcome, it was clear this was a complex case, contingent on the discretion to be afforded administrative regulations promulgated by the same administrative agency under separate statutes within its jurisdiction, further complicated by the lack of much, if any, case law to provide guidance. Experienced litigation adversaries understand the risks implicit in such cases. A settlement with resolution of the federal claims to be left for another day and other parties was the result of the spirited debate as to the merits of the federal claim.

When it came to the state law claim, there was even less guidance as to the deference to be given the federal regulations under California law. Given the small size of the class, defendants' estimate that the total liability was less than $37,500, and the costs of litigation, the parties decided to settle. The amount of the settlement, approximately double the defendants' damages analysis,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                                          -- 6 --

was the product of adversarial negotiation and reflected plaintiff's confidence he would prevail on the state law claim and defendants' reluctance to incur the disproportionately larger expense of litigation.

## IV.    THE COURT SHOULD AWARD THE REQUESTED ENHANCEMENT.

The Joint Stipulation permits class counsel to request a service payment to the named plaintiff, Jonathan Nelson, in the amount of $5,000 in recognition of his contributions to the class. Service payments are recognized as serving an important function in promoting class action settlements, particularly where the named plaintiff participated in the litigation. In *League of Martin v. City of Milwaukee*, 588 F. Supp. 1004 (E.D. Wis. 1984), the court held that the proposed settlement properly granted the named plaintiff individual relief. It is "not uncommon for class members . . . to receive special treatment in settlement," especially when they have been instrumental in prosecuting the lawsuit. *Id.* at 1024.

Pursuant to *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995), the court may consider the following factors when determining whether to award an incentive payment: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Id.*

A review of these factors dictates that the award of $5,000 is appropriate here. First, plaintiff incurred personal financial risk in bringing the lawsuit on behalf of the class as evidenced by *Koehl v. Verio*, 142 Cal.App.4th 1313, 1328 (2006). In *Koehl*, a wage and hour class action similar to the one at bar, defendant prevailed at trial and the named plaintiffs were held liable, jointly and severally, for the defendant's attorney's fees. In light of the wage statements at issue in this litigation evidencing plaintiff's very modest income, there is little doubt that plaintiff could not afford

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                                -- 7 --

to pay even a fraction of defendants' attorneys' fees. (See, Exhibit 2 to Declaration of Edward J. Wynne in Support of Motion for Facilitated Notice and Class Certification.)

Second, while there is no notoriety as such associated with this litigation, plaintiff did encounter difficulties with respect to lost work opportunities as a result of efforts he expended on behalf of the class as set forth in more detail *infra*.

Third, plaintiff engaged in the following activities in support of this litigation to the benefit of the class: Plaintiff performed his own legal research by reviewing state and federal authorities at a local library, consulting with state and federal officials in the DLSE and DOL, respectively, as well as reviewing the websites of those agencies and the associated literature and links provided for in the websites. Plaintiff had to forego job opportunities through temporary agencies in order to conduct his research. Plaintiff interviewed a number of different attorneys before finding Wynne Law Firm and determining that Wynne Law Firm represented his best chance for success. Plaintiff provided counsel with payroll documents demonstrating the basis for this claim. Plaintiff made himself available to counsel and engaged in numerous telephonic and electronic mail conversations about his work experiences at Pitney Bowes, his understanding of defendants' policies and procedures related to his compensation, and the litigation process, both generally and specifically as it relates to class actions and his role as the class representative. Plaintiff provided assistance in drafting his declaration in support of Plaintiff's Motion for Facilitated Notice and Class Certification. Plaintiff was engaged in the settlement negotiations and agreed to accept counsel's recommendation on the terms that have been presented to this Court. All told, plaintiff reasonably estimates that he has spent over 25 hours engaged in activities for the benefit of this litigation. (See, Declaration of Jonathan Nelson In Support of Renewed Motion for Preliminary Approval of Class Action Settlement, ¶ 3.)

Fourth, the duration of the litigation is a neutral factor as it has been of average length. The matter was filed September 26, 2006 and a settlement was reached in principle in December 2007 with the matter expected to be completely resolved in September, 2008.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

RENEWED MOTION FOR CLASS CERTIFICATION & PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
C 06-05954 JSW                                                -- 8 --

Lastly, plaintiff stands to gain very little by this litigation. The settlement is based on the number of overtime hours worked during the statutory time period covered by the action. Based on defendants' payroll records, class members worked anywhere between 3.9 and 607.4 hours of overtime. Plaintiff has just 86.9 hours of overtime. Pursuant to the terms of the settlement, class members with the fewest overtime hours worked will receive approximately $120 while class members with the most hours will receive approximately $1,800. It is estimated that plaintiff will receive just $250, approximately. (See, Gannon Decl., ¶ 6.) Accordingly, the fact that plaintiff has a very modest personal claim under the terms of this settlement further underscores why an enhancement is appropriate. Furthermore, plaintiff could have personally recovered significantly more with waiting time penalties per Labor Code § 203 had he decided to pursue his claim through the DLSE. In *Lo Re v. Chase Manhattan Corp.*, No. 76-154 (MJL), 1979 U.S. Dist. LEXIS 12210 at *16-17 (S.D.N.Y. May 23, 1979), the court approved payment of $229,000 out of a $1,579,000 settlement fund to the named plaintiffs, which represented the full value of their individual claims. One of the factors considered by the court in determining that such payments were fair was the fact that plaintiffs' efforts conferred a benefit on a substantial number of people. Id. at *17. Here, plaintiff has certainly conferred a benefit on a number of people to his own personal detriment. Indeed, this litigation would not have existed but for plaintiff's efforts. These facts support the requested enhancement award.

It should also be noted that plaintiff is executing a broader release than that applicable to participating class members. The requested award is additional consideration for plaintiff's broad release of claims and further supports the requested award.

## V. CONCLUSION

The parties trust that this additional information adequately addresses the Court's concerns with the proposed settlement and satisfies the Court that class certification under Rule 23 is

appropriate and that plaintiff is entitled to an enhancement for his initiative in bringing and pursuing this action.

Dated: April 22, 2008                    WYNNE LAW FIRM

_____
Edward J. Wynne

Attorneys for Plaintiff
Jonathan Nelson, individually and on behalf of all others similarly situated

Dated: April 21, 2008                    LITTLER MENDELSON

_____
AnnaMary E. Gannon

Attorneys for Defendants
Pitney Bowes Inc. and Pitney Bowes Government Solutions, Inc.